# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHTON DANIEL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-550-NJR |
| DR. LIPCHITZ and CRISTINE BROWN, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ashton Daniel, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Daniel's original Complaint (Doc. 2) alleged a single count against Dr. Lipchitz and Jacqueline Lashbrook for discontinuing his insomnia medication while at Pinckneyville Correctional Center ("Pinckneyville"). The Court dismissed the original Complaint for failure to state a claim, and Daniel was given leave to amend. (Doc. 8). In the First Amended Complaint (Doc. 9), Daniel alleges that Dr. Lipchitz and Cristine Brown failed to ensure that medical staff followed proper medication distribution protocol at Pinckneyville.[1] He asserts that the Defendants were negligent and committed medical malpractice. Daniel seeks declaratory judgment and monetary damages.

---

[1] Jacqueline Lashbrook is not identified as a defendant in the First Amended Complaint. She is neither listed in the caption nor is she included in the statement of the claim. As such, all potential claims against Lashbrook are **DISMISSED without prejudice**.

1

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

In his First Amended Complaint (Doc. 9), Daniel makes the following allegations: Dr. Lipchitz, the tele-psychiatrist at Pinckneyville, and Cristine Brown, the head administrator of medical services, were in charge of ensuring that healthcare staff followed proper medication distribution. They both failed in that duty and, as a result, Daniel was allowed to collect several pills and attempt suicide on two separate occasions. (Doc. 9, p. 6). Daniel first collected thirty pills and attempted suicide. He was taken to the infirmary and placed on suicide watch, but his stomach was not pumped. (*Id*. at p. 7). He suffered from pain, nausea, dizziness, tremors, and chills, as well as psychological symptoms, include hearing voices and having visions. (*Id*.). On a separate occasion he collected three pills and again attempted suicide. (*Id*. at p. 6).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** **Dr. Lipchitz and Cristine Brown were deliberately indifferent under the Eighth Amendment by failing to ensure that medical staff properly distributed medications to Daniel.**
>
> **Count 2:** **Dr. Lipchitz and Cristine Brown committed medical negligence and/or malpractice by failing to ensure that medical staff properly distributed medications to Daniel.**

2

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

Daniel again fails to state a claim in his First Amended Complaint. He alleges that Lipchitz and Brown failed to ensure that their staff followed proper medication distribution protocol. But Defendants cannot be liable for failing to properly supervise their staff, because *respondeat superior*, or supervisor liability, is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). "A defendant 'will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent.'" *Id*. (citing *Chavez*, 251 F.3d at 652). There is no indication in the allegations that either defendant directed the distribution protocol or that they knew the protocol was not being followed and that Daniel was hording medications. Daniel also fails to allege that either defendant treated Daniel after his suicide attempts. To the extent that Daniel alleges that the defendants were negligent, negligence does not amount to deliberate indifference. Accordingly, his claim in Count 1 is **DISMISSED** for failure to state a claim.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Because Daniel fails to state a claim that any defendant violated his constitutional rights, the Court declines to exercise supplemental jurisdiction over Daniel's medical negligence and/or malpractice claim under state law. *See also Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999); *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997). Accordingly, Count 2 is also **DISMISSED**.

This is Daniel's second attempt to provide the Court with factual allegations that would state a claim. He fails to offer any facts that would raise his claim to a viable constitutional violation. The Court finds that any additional amendment would be futile. Accordingly, the First Amended Complaint, along with this action, will be **DISMISSED with prejudice**. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

## Disposition

Daniel's First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted**.** This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Daniel wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Daniel does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4).

A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  11/7/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**